JUDGE ESTHER SALAS'S
GENERAL PRETRIAL AND TRIAL PROCEDURES

## TABLE OF CONTENTS

I.   PRELIMINARY GENERAL MATTERS ...................................................................................1
   A.   Professionalism and Civility ...........................................................................................1
   B.   Correspondence with the Court .......................................................................................1
   C.   Telephone Correspondence with the Court.......................................................................2
   D.   Communication with Law Clerks ....................................................................................3
   E.   Telephone Conferences ...................................................................................................3
   F.   Oral Arguments and Evidentiary Hearings ......................................................................4
   G.   *Pro Hac Vice* Admissions ...............................................................................................4

II.  CIVIL CASES ......................................................................................................................4
   A.   Pretrial Procedures and Final Pretrial Conference with Magistrate Judge.........................4
   B.   Following Final Pretrial Conference with Magistrate Judge...............................................5
   C.   Settlement Conference ....................................................................................................5
   D.   Chambers Copies of Motions ..........................................................................................5
   E.   Motions .........................................................................................................................5
      1.   General ...................................................................................................................5
      2.   Motions to Seal ......................................................................................................6
      3.   Continuances and Extensions ..................................................................................6
      4.   General Motion Practice ..........................................................................................6
      5.   Oral Argument on Motions ......................................................................................7
      6.   Reply and Sur-Reply Briefs .....................................................................................7
      7.   Time to Respond to Rule 12(b) and Rule 56 Motions .................................................7
   F.   Summary Judgment Motions ...........................................................................................7
   G.   Final Pretrial Memoranda ...............................................................................................8
   H.   Injunctions ....................................................................................................................9
   I.   Pretrial Combined Submissions (In Hard Copy and Microsoft Word Format) ...................10
      1.   Exhibit Lists and Bench Books ..............................................................................10
      2.   Combined Neutral Statement of Facts.....................................................................10
      3.   Proposed Preliminary Jury Instructions, Final Jury Instructions, and Verdict Sheet ...11
      4.   *Voir Dire* Questions .............................................................................................11
   J.   Pretrial Meeting ...........................................................................................................12
   K.   Trial Procedure.............................................................................................................12
      1.   Scheduling ...........................................................................................................12
      2.   Cases Involving Out-of-Town Parties or Witnesses ..................................................12
      3.   Conflicts of Litigants.............................................................................................12
      4.   Note Taking by Jurors ...........................................................................................13
      5.   Juror Questions to Witnesses .................................................................................13
      6.   Trial Briefs ...........................................................................................................13
      7.   *In Limine* Motions ..............................................................................................13
      8.   Peremptory Challenges ..........................................................................................13
      9.   Opening Statements and Summations .....................................................................14
      10.  Examination of Witnesses or Argument by More Than One Attorney.........................14
      11.  Examination of Witnesses Beyond Redirect and Recross ..........................................14
      12.  Reading Material into the Record ...........................................................................14
      13.  Trial Equipment ...................................................................................................14
      14.  Offering Exhibits into Evidence .............................................................................15
      15.  "Directed Verdict" Motions...................................................................................15

| | | |
|---|---|---|
| 16. | Proposed Findings of Fact and Conclusions of Law | 15 |
| 17. | Unavailability of Witness | 15 |
| 18. | Lay Witness Opinion | 16 |
| **L.** | **Jury Deliberations** | **16** |
| 1. | Timing of Jury Charge | 16 |
| 2. | Written Jury Instructions | 16 |
| 3. | Exhibits in the Jury Room | 16 |
| 4. | Handling Jury Requests to Read Back Testimony or Replay Tapes | 16 |
| 5. | Availability of Litigants During Jury Deliberation | 17 |
| 6. | Polling the Jury | 17 |
| 7. | Polling the Jury | 17 |
| **III.** | **CRIMINAL CASES** | **17** |
| **A.** | **Oral Argument and Motions** | **17** |
| **B.** | **Indictments and Informations** | **17** |
| **C.** | **Sentencing Memoranda** | **17** |
| **D.** | **Probation Reports** | **18** |
| **E.** | **Continuances** | **18** |
| **IV.** | **OTHER GENERAL MATTERS** | **18** |
| **A.** | **Briefs of Cases on Appeal** | **18** |
| **B.** | **Consultation with Opposing Litigants** | **18** |
| **C.** | **Miscellaneous Courtroom Conduct Issues** | **18** |
| 1. | Cell Phones | 18 |
| 2. | Approaching the Witness | 19 |
| 3. | Objections and Sidebars | 19 |
| 4. | Witness and Jury | 19 |
| 5. | Documents and Exhibits | 19 |
| 6. | Transcripts | 20 |
| **D.** | **Final Considerations** | **20** |
| 1. | Conflicts with These Procedures | 20 |
| 2. | Civility | 20 |
| 3. | Additional Remarks and Questions for the Court | 20 |

Esther Salas graduated from Rutgers University in 1991 with a Bachelor of Arts in Political Science, and she received her Juris Doctorate degree in 1994 from Rutgers University School of Law in Newark. During law school, Ms. Salas was Vice-President of the Association of Latin American Students, Student Bar Association Representative, and Minority Student Program Representative. After graduating from law school, Ms. Salas clerked for the Honorable Eugene J. Codey, Judge of the Superior Court, Essex County Vicinage. She next worked in private practice at Garces & Grabler and then served as an Assistant Public Defender for the Office of the Federal Public Defender for the District of New Jersey. On November 3, 2006, Ms. Salas was sworn in as a United States Magistrate Judge for the District of New Jersey. On June 14, 2011, Judge Salas was sworn in as a District Judge, becoming the first female Hispanic to serve as United States District Judge for the District of New Jersey.

## I.      PRELIMINARY GENERAL MATTERS[1]

### A.      Professionalism and Civility

Litigants should be polite, courteous, and otherwise civil to one another, as well as to all parties, witnesses, and court personnel at all times.  Litigants should be punctual for all conferences, hearings, oral arguments, and trials.  Judge Salas expects litigants to confer with and keep their clients up to date (1) with respect to substantive submissions to the Court, (2) in advance of court appearances, and (3) as to material developments in the client's case.

All of the matters addressed in these Procedures apply to all litigants, including all *pro se* litigants, in any matter pending before Judge Salas.

In general, litigants should bring matters to the Judge's attention only after they have been discussed with opposing counsel and a reasonable effort has been made to resolve a dispute and the positions of all interested parties on the matter needing the Court's attention have been shared.

The examination of witnesses during hearings or trials should be conducted from the lectern or from counsels' table.  Speakers always should rise to address the Court unless specifically instructed otherwise.  In addition, speakers will direct all comments to the Court or to the witness under examination and not to other litigants or to the jury.  To the extent possible, the Court should be alerted to issues that will need to be ruled upon during the day at the start of the day's proceedings, or during recess out of the jury's presence.

### B.      Correspondence with the Court

Before corresponding with the Court, litigants must consult the relevant rules for the Third Circuit, the District of New Jersey, and Judge Esther Salas's General Pretrial and Trial

---

[1] To the extent that the rules for the Third Circuit or the District of New Jersey conflict with any of the preferences set forth in this document, the rules of the Third Circuit's and the District of New Jersey control.

Procedures, in addition to the updated docket on the CM/ECF system. Only after doing so is it appropriate to contact the Court.

To the extent you wish to contact the Court on a routine scheduling matter (*e.g.*, an extension for the submission of a brief), please do so with as much advance notice as possible, and *please do so in writing via CM/ECF so that all litigants are apprised of the request*. The Court will not accept oral requests for extensions over the phone or via fax without a corresponding request via CM/ECF.

Correspondence to advise the Court that a case has been settled or dismissed is also appropriate, as is correspondence on any matter when specifically requested by the Court. Any written communication requesting action by the Court on any subject should include at a minimum: (1) a very brief description of the situation requiring the Court's attention; (2) the position of the opposing party(ies) (*i.e.*, consent or opposition); and (3) the specific relief sought.

All litigants should be sent a contemporaneous copy of all correspondence sent to the Court. All other communications with the Court should be made by the formal filing of pleadings, motions, applications, briefs, or legal memoranda.

In general, and unless otherwise directed by the Court, all discovery-related correspondence as well as any correspondence related to non-dispositive motions should be directed to the Magistrate Judge assigned to the case. All correspondence related to dispositive motions, trials, and related oral arguments should be directed to Judge Salas.

### C.     Telephone Correspondence with the Court

When litigants call Chambers, they should let the Court know (1) their name(s), the case name on which they are calling, the civil action number, and their question. Further information

2

is not required unless requested by the Court.  Please review the docket before contacting the Court, because, often, litigants' questions can be answered by reviewing the docket.

### D.    Communication with Law Clerks

Judge Salas permits communications with her law clerks on appropriate matters.  Unless directed otherwise by the Court, litigants should never contact law clerks for advice on substantive or procedural matters other than of a very rudimentary nature (such as to confirm the Court's administrative policies and procedures or to alert the Court of some actual emergency that cannot be timely handled by conventional correspondence or formal filings). Communications with the Court about scheduling matters should be directed to Judge Salas's Courtroom Deputy.  Communications from litigants purporting to justify litigants' conduct because "Your Honor's law clerk [or Deputy] said . . ." are highly disfavored and are never appropriate as an explanation of litigants' strategic or tactical choices.

### E.    Telephone Conferences

Telephone conferences with all litigants may be used at the Court's discretion to resolve scheduling matters, time extensions, or other disputes.  Litigants will be notified of the date and time for the telephone conference.  It will be the responsibility of litigants for the moving or initiating party to arrange the telephone conference and to contact Judge Salas's Chambers after all litigants are present on the call.  Litigants are reminded to be especially careful to avoid being discourteous during telephone conferences by failing to listen to other speakers, failing to identify themselves prior to each statement, failing to speak loudly or slowly enough to be heard, and the like.  In that regard, litigants should be mindful that cell phones typically do not perform well for multi-party conference calls.  Failure to observe basic telephone courtesy will result in the Court's refusal to use telephone conferences in matters involving the offending participants.

When litigants contact Chambers for a conference call, litigants should recognize that the individuals who answer the phone are asking for names and spelling for a reason.  The clerks are recording the names for purposes of organizing the call and streamlining discussion.  Therefore, please speak slowly and spell your name so that the Judge knows who is participating during the call.  Again, in cases involving numerous parties, litigants should remember to identify themselves during the call so that Judge Salas knows who is talking.

### F.     Oral Arguments and Evidentiary Hearings

Judge Salas does not set aside specific days or times for oral argument, motions, or evidentiary hearings.  Hearings and arguments are scheduled on an ad hoc basis as warranted.  They typically are conducted in the courtroom.  The Court endeavors to provide litigants with appropriate advance notice of scheduled hearings, arguments, and conferences and expects litigants to refrain from last minute (*i.e.*, less than 48 hours) requests to cancel, postpone, or reschedule such matters in the absence of actual emergencies.

### G.     *Pro Hac Vice* Admissions

Please refer to Local Civil Rule 101.1(c).

## II.     CIVIL CASES

### A.     Pretrial Procedures and Final Pretrial Conference with Magistrate Judge

Generally, the Magistrate Judge assigned to the case schedules an initial pretrial conference pursuant to Local Civil Rule 16.  These conferences are held after the filing of the defendant's answer or a dispositive motion that involves issues of immunity or jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The Magistrate Judge assigned to the case determines associated procedures.  At the close of discovery, the Magistrate Judge will hold a final pretrial

conference.  Prior to that conference, the Magistrate Judge will provide the litigants with a proposed form of final pretrial order.

### B.    Following Final Pretrial Conference with Magistrate Judge

Judge Salas may hold a telephone conference with litigants to set a date for a settlement conference.  Where settlement is not possible, Judge Salas will set dates for: (1) trial briefs; (2) *in limine* motions, and (3) the trial date.  Generally, dates for trial briefs and *in limine* motions are set for forty-five (45) days before the trial date.  Please also consult section II.H-J of these Procedures for additional pretrial submissions and formats.

### C.    Settlement Conference

Trial counsel and clients with full settlement authority must attend all settlement conferences in person, absent leave of court.

### D.    Chambers Copy of Motions

Notwithstanding compliance with the Court's procedure regarding use of ECF, litigants should send to Chambers one (1) courtesy copy of any motions (including supporting submissions, such as briefs, exhibits, certifications, affidavits, etc.) filed with the Clerk of Court. Submissions should be tabbed and spiral bound (not Velo-bound).

Judge Salas require strict compliance with the length limitations and format requirements for briefs set forth in Local Rule 7.2.

### E.    Motions

#### 1.    General

No formal motions, except motions to dismiss in lieu of an answer, may be filed without leave of the court.

### 2.     Motions to Seal

The Magistrate Judge handles motions to seal.

### 3.     Continuances and Extensions

Litigants should expect the Court to maintain the dates contained in the Scheduling Order, unless there is good cause to justify a change.

Generally, Judge Salas will grant a short (*i.e.*, two weeks or less) continuance or extension that will not affect discovery dates, motion decision dates, hearing dates, or trial dates, if requested with the agreement of all litigants. Any other request for a continuance or extension should set forth in detail containing the basis for the request and whether it is agreed to or opposed by the opposing litigant(s). A request for an extension or continuance of longer than two (2) weeks regarding the trial date, a discovery cutoff date, or the deadline for filing dispositive motions must be made sufficiently prior to the due date to allow time for the Court to consider it and should set forth compelling reason(s) for the relief sought. An unopposed request may be made by letter to the Court and should include the reasons for the request. All such letters—as with *all* correspondence with the Court—should be filed electronically via CM/ECF.

### 4.     General Motion Practice

Except as set forth here, motion practice will be conducted in accordance with Local Civil Rule 7.1. The originals of all motions and briefs should be filed with the Clerk's Office.

Every factual assertion considered by the submitting litigant to be important to that litigant's position in a motion, opposing papers, or brief must be supported by citation or other specific reference to the record where that fact may be found. Legal and record citations must be "pinpoint cites."

### 5.    Oral Argument on Motions

If the Court determines that oral argument will be helpful in deciding a matter, the Judge will schedule it.

### 6.    Reply and Sur-Reply Briefs

Replies are generally permitted pursuant to Local Civil Rule 7.1(d).  However, according to Local Civil Rule 7.1(d)(3), no reply papers shall be filed concerning motions for Cross-Motion under Local Civil Rule 7.1(h); Reconsideration under Local Civil Rule 7.1(i); Case Management under Local Civil Rule 16.1(g)(2); and Discovery under Local Civil Rule 37.1(b)(3), unless the Court permits otherwise.

No sur-replies are permitted without permission.  They are strongly discouraged unless it is apparent on the face of the submission that such additional briefing is necessary to rebut an issue or point of law not discussed in the initial briefs.  Sur-reply briefs may be filed and served within seven (7) days of service of the brief to which the sur-reply responds unless the Court sets a different schedule.  Sur-reply submissions should not contain a repeat recitation of the facts of the case and, without leave of Court for good cause shown, must not exceed fifteen (15) pages in total.  The Court will not necessarily delay its decision while awaiting a sur-reply brief.  No other briefs may be filed without leave of Court for good cause shown.

### 7.    Time to Respond to Rule 12(b) and Rule 56 Motions

For cases pending before Judge Salas, litigants have 21 days after service of a motion to dismiss under Federal Rule of Civil Procedure 12(b) or a motion for summary judgment under Federal Rule of Civil Procedure 56 to file their response.

### F.    Summary Judgment Motions

Local Civil Rule 56.1 requires:

> On motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion. A motion for summary judgment unaccompanied by a statement of material facts not in dispute *shall* be dismissed.

D.N.J. Civ. R. 56.1 (a) (emphasis added). Additionally, the Court will not consider any assertion of a fact that is not supported by a citation to the record.

A litigant opposing summary judgment must state in similar paragraph form whether that litigant agrees or disagrees that the fact(s) as stated by the moving litigant are undisputed. If a litigant contends that a fact is in dispute, citation must be made to the record evidence that supports the party's view of that particular fact. Failure to address the moving party's factual contentions in this manner will lead to the Court's consideration of the moving party's factual assertion(s) as undisputed.

## G.    Final Pretrial Memoranda

Generally, the Magistrate Judge will provide the litigants with Judge Salas's form of order, which includes:

a.    A list of all claims remaining in the case;

b.    All factual stipulations of the litigants, with a separate subsection for each litigant;

c.    All disputed facts, with a separate subsection for each litigant;

d.    A list of all motions *in limine* the litigants plan to file;

e.    A list of all proposed exhibits, with a separate subsection for each litigant (see H.1 of these Procedures);

f.    A list of all lay witnesses that each litigant expects to call;

g.   A list of all expert witnesses that each litigant expects to call, including a summary of the testimony that expert is expected to provide;

h.   Any objection to:

    i.   The admissibility of any exhibit based on authenticity;

    ii.   The admissibility—for any reason—of any evidence expected to be offered;

    iii.   The adequacy of the qualifications of an expert witness expected to testify;

    iv.   The admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701. Such objection shall describe with particularity the ground(s) and the authority for the objection;

i.   Deposition testimony (including videotaped depositions) to be offered during a litigant's case-in-chief (with citations to the page and line number), including the opposing litigant's counter-designations.

The Scheduling Order, or such other order as may be entered, will set forth the due date for the final pretrial memoranda.

**H.**    **Injunctions**

Judge Salas will promptly hold a hearing for any request for a temporary restraining order ("TRO") assigned to her. She will hold a pre-hearing conference to discuss the emergent issue in contention and to allocate time for the hearing. Expedited discovery will be discussed and, when appropriate, ordered at the conclusion of the pre-hearing conference.

Submission of proposed findings of fact and conclusions of law for TRO and injunction hearings will be required. The time for submission of these items will be set at the pre-hearing conference.

### I.        Pretrial Combined Submissions (In Hard Copy and Microsoft Word Format)

### 1.        Exhibit Lists and Bench Books

Please submit to the Court—in hard copy and in Word Format—a consolidated/combined joint exhibit list to minimize the duplication of the exhibits. The list should be a chart separated into three columns. Column 1 will list the exhibit. Column 2 will contain the opponent's objection (a very short statement containing the relevant rule and/or concept). Column 3 will contain the proponent's rationale for admissibility (*e.g.*, the relevance rationale or on-point hearsay exception).

Litigants shall also submit three (3) copies of the bench book of trial exhibits. The Deputy Clerk will use the originals. However, during the course of trial, if litigants change exhibit tabs or add new exhibits, litigants must update two copies that will be left in the courtroom at 4:30 pm. These copies are for the Judge and the Law Clerk assigned to the trial.

### 2.        Combined Neutral Statement of Facts

The litigants should submit a short proposed statement of the case that the Court will read during jury selection as part of the Court's initial statements. Any disagreements by the litigants should be submitted in column form. The column on the left will contain Plaintiff's (or the Prosecution's) proposals. The column on the right will contain the Defendant's proposals.

10

### 3. Proposed Preliminary Jury Instructions, Final Jury Instructions, and Verdict Sheet

Instead of separate submissions from the litigants, Judge Salas requires one combined submission, identifying any areas of disagreement. Where the litigants are unable to agree, Judge Salas would like the submission split into two columns as discussed above.

Each proposed instruction should be double-spaced and include citations to specific authority. Proposed instructions without citations to specific legal authority will not be considered. Cases and model jury instructions that are cited should be accurately quoted and a pinpoint page reference should be provided.

If a model jury instruction is submitted, for instance, from the Third Circuit Model Instructions at http://www.ca3.uscourts.gov/modeljuryinstructions.htm, Devitt & Blackmar, Federal Jury Practice and Instructions, or Sand, Modern Federal Jury Instructions, the submitting litigant shall state whether the proposed jury instruction is unchanged or modified. If a litigant modifies a model jury instruction, additions should be underlined and deletions placed in brackets.

Judge Salas strongly prefers jury instructions that track the relevant model. She disfavors jury instructions containing case-specific facts or contentions. Because Judge Salas usually charges the jury *before* closing arguments, and because she disfavors the inclusion of facts or contentions in the jury charge, litigants are encouraged to include facts and contentions in their summations.

### 4. *Voir Dire* Questions

Ordinarily, Judge Salas will conduct *voir dire*. Instead of separate submissions from the litigants, Judge Salas requires one combined submission, identifying any questions in dispute. The Court will provide an example of *voir dire* questions that were used during a recent trial.

The Court requests that litigants utilize a similar format in crafting the proposed *voir dire* question for their case.

### 5.   Prepared Script for Counsel's Review

Judge Salas will provide a prepared script she will read at *voir dire*. The script will be available for counsel to review prior to *voir dire selection.*

### J.   Pretrial Meeting

On the business day before jury selection, the Judge holds an in-person housekeeping meeting with litigants. The meeting will include (but will not be limited to) marking exhibits and previewing objections, discussing the *voir dire*, and discussing jury instructions.

### K.   Trial Procedure

### 1.   Scheduling

The trial day typically will be from 9:30 a.m. until 4:30 p.m., so that the early morning and late afternoon periods can be used for addressing matters outside the presence of the jury.

### 2.   Cases Involving Out-of-Town Parties or Witnesses

Other than in rare and exceptional circumstances, Judge Salas schedules the trial of cases involving out-of-town litigants, parties, or witnesses the same as all other cases, leaving the scheduling of witnesses to litigants.

### 3.   Conflicts of Litigants

Litigants should notify the Court and opposing counsel immediately upon hearing of any unavoidable and compelling professional or personal conflicts affecting the trial schedule. Once a trial date has been set, the Court expects that obligation to take precedence over other matters (except serious, unanticipated personal or professional emergencies).

### 4.      Note Taking by Jurors

Judge Salas does not permit jurors to take notes.  Note taking is not necessary and will distract jurors from paying attention to what a witness is saying and his or her manner on the witness stand.  The jurors will be able to rely on their collective memory about the testimony and other evidence when the jury is deliberating.  Indeed, that is one of the reasons for having a number of persons on the jury.

Although the court reporter will be transcribing the testimony, the jurors should not assume that transcripts would be available for review during jury deliberations.

### 5.      Juror Questions to Witnesses

Judge Salas does not permit jurors to submit questions to the Court to be posed to a witness.

### 6.      Trial Briefs

Generally, Judge Salas requires the submission of trial briefs no later than forty-five (45) days before trial.

### 7.      *In Limine* Motions

Submission dates for *in limine* motions are set during the initial telephone conference with Judge Salas following the Magistrate Judge's final pretrial conference.  Typically *in limines* are due forty-five (45) days before trial.

### 8.      Peremptory Challenges

Judge Salas prefers that counsel stand and announce their peremptory challenges, and Judge Salas will permit only one pass by a party without forfeiture.

### 9.    Opening Statements and Summations

Judge Salas normally attempts to obtain the agreement of litigants regarding time limits on opening statements and closing arguments.  However, in most cases, twenty (20) to thirty (30) minutes should be adequate for an opening statement, and thirty (30) to forty-five (45) minutes should be adequate for summation.

### 10.    Examination of Witnesses or Argument by More Than One Attorney

Judge Salas will permit more than one litigant for a party to examine different witnesses or to argue different points of law before the Court, but only one litigant per party may examine the same witness.  Although Judge Salas permits different litigants to give the opening and summation, the opening litigant must provide the full opening and the closing litigant must provide the full summation.

The litigant conducting direct or cross examination shall be the only litigant speaking at sidebar conference.

### 11.    Examination of Witnesses Beyond Redirect and Recross

Redirect and recross will be strictly limited to matters not previously covered by direct or cross examinations or special circumstances.  Where appropriate, a proffer may be requested before it is permitted.

### 12.    Reading Material into the Record

Judge Salas has no special practice or policy regarding reading into the record stipulations, pleadings, or discovery material.

### 13.    Trial Equipment

Equipment and the smooth presentation of exhibits in video or other electronic form is the responsibility of litigants and should be attended to with care.  Back-up plans in the event of

equipment failure should be available.  Litigants are required to ensure that they are fully familiar with the equipment *before* appearing in court so that the proceedings run smoothly, without being hampered by avoidable technology problems.  Should litigants wish to use equipment provided by the Court or to set up the courtroom before their appearance to test the technology, please contact Judge Salas's Deputy Clerk at least one week prior to the start of trial.

### 14.     Offering Exhibits into Evidence

Generally, unless the litigants have an agreement as to the admissibility of a proposed exhibit, a witness may not testify as to its content until it has been admitted into evidence.

### 15.     "Directed Verdict" Motions

Motions for judgment as a matter of law in jury trials and motions for an involuntary dismissal in non-jury trials should be in writing if at all possible.  Oral argument on such motions is ordinarily permitted.

### 16.     Proposed Findings of Fact and Conclusions of Law

Generally, findings of fact and conclusions of law in non-jury cases must be submitted to the Court within one week of the close of trial.  Submitting litigants must include specific reference to testimonial or documentary evidence in support of the proposals.

### 17.     Unavailability of Witness

Because a witness may be unavailable at the time of trial, as defined in Federal Rule of Civil Procedure 32(a)(3), the Court expects oral or videotaped depositions to be used at trial for any witness whose testimony a litigant believes essential to the presentation of that litigant's case, whether the witness is a party, a non-party, or an expert.  The unavailability of such witness will not be a ground to delay the commencement or progress of trial.

### 18.  Lay Witness Opinion

Any litigant expecting to offer opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 with respect to issues of liability or damages shall, at the time required for submission of expert reports, serve the opposing litigants with the same information and/or documents required with respect to such expert witnesses.

### L.  Jury Deliberations

#### 1.  Timing of Jury Charge

In most cases, Judge Salas will charge the jury *before* closing arguments, providing the jurors with an opportunity to learn the law before hearing summations that match the facts and contentions to the law.

#### 2.  Written Jury Instructions

In most cases, Judge Salas will provide jurors with copies of the instructions.

#### 3.  Exhibits in the Jury Room

Unless cause is shown, Judge Salas will permit all exhibits containing substantive or real evidence to go out with the jury.  Litigants should confer with each other as to which exhibits should go into the jury room.  Before deliberation, litigants will confer with the Deputy Clerk to confirm which exhibits including demonstratives (and which versions of exhibits) will go into the jury room.

#### 4.  Handling Jury Requests to Read Back Testimony or Replay Tapes

At the jury's request, if the transcript is available, Judge Salas will permit a copy of the sanitized transcript to go into the jury room, but only with the consent of the litigants.

### 5.     Availability of Litigants During Jury Deliberation

Unless excused by the Court, litigants should remain in the courthouse during jury deliberations, and, in any event, be no more than 10 minutes away from the courthouse.

### 6.     Polling the Jury

Judge Salas will poll the jury upon request.

### 7.     Polling the Jury

Judge Salas may meet with jurors after a verdict but counsel and parties are prohibited from doing so.

## III.    CRIMINAL CASES

In general, policies and procedures for criminal cases are the same as those set forth above for civil cases.

### A.     Oral Argument and Motions

If requested, Judge Salas generally will permit oral argument on a substantive motion in a criminal case.

### B.     Indictments and Informations

Generally, Judge Salas does permit the jury to have a copy of the redacted indictment. During deliberation, any question regarding what to redact should be made to the Court Deputy.

### C.     Sentencing Memoranda

Judge Salas requires the submission of objections to the Presentence Investigation Report and the submission of sentencing memoranda in accordance with the notice of sentencing issued shortly in conjunction with the entry of a guilty plea or judgment.  The Judge expects substantive Memoranda from the Government and defense counsel.

### D.     Probation Reports

Judge Salas will not ordinarily permit the defendant or counsel for either party to review the Probation Department's recommendations regarding sentencing.

### E.     Continuances

Defense counsel will be expected to consult with their client and set forth in papers submitted to the Court their client's position with respect to any request for a continuance. The defendant's written agreement with the request must be submitted to the Court at the time of the defense motion to arrive no later than ten (10) days before sentencing.

## IV.     OTHER GENERAL MATTERS

### A.     Briefs of Cases on Appeal

Judge Salas welcomes copies of appellate briefs concerning decisions rendered by her.

### B.     Consultation with Opposing Litigants

In general, Judge Salas expects litigants to bring matters to her attention only after they have been discussed with opposing counsel. When communicating with the Court, litigants shall be prepared to state the position of opposing counsel, *e.g.*, "opposing counsel does not oppose the continuance," "opposing counsel opposes the request to show photographs to the jury during opening statements," etc.

### C.     Miscellaneous Courtroom Conduct Issues

#### 1.     Cell Phones

Please note that all cell phones, beepers, and cameras are prohibited in this courtroom so if you have them, please turn them off. If you do not, and they go on during the trial, the Deputy Clerk may end up needing to confiscate them at the beginning of each day, and this Court does not want that.

### 2.     Approaching the Witness

If a litigant wishes to approach the witness, the litigant should ask for permission to do so.  If a litigant needs to approach one witness many times, a single request for permission will suffice.

### 3.     Objections and Sidebars

If a litigant wishes to make an objection, he or she should stand, state the objection, and simply state the basis for the objection, such as "hearsay" or "relevance."  The Court disfavors speaking objections.  If a litigant believes a more extensive conference is required, then the litigant should request a sidebar conference.  The Court usually will grant the request so long as such circumstances are not abused.  Litigants are encouraged to bring any evidentiary questions to the attention of the Court outside the presence of the jury, preferably before or after the day's proceedings.

### 4.     Witness and Jury

Litigants have the responsibility to advise witnesses that no witness may talk to the jury at any time during the pendency of the case.  For example, if the witness has stepped down from the witness stand to testify as to an exhibit, the witness should not have any private conversation whatsoever with any juror.  The witness may, of course, direct his or her answers to the jury's direction, so long as the witness is still answering a litigant's questions.

### 5.     Documents and Exhibits

Any and all documents to be provided to the Court or viewed by the jury should first be handed to the Deputy Clerk.

### 6. Transcripts

It is a litigant's obligation to make all necessary arrangements for securing a transcript of the proceedings.

### D. Final Considerations

#### 1. Conflicts with These Procedures

Parties are advised that Judge Salas's General Pretrial and Trial Procedures govern proceedings in this Court. However, if other conflicts arise or if a deviation is appropriate, the Court is willing to entertain a prompt and reasonable request to depart from these Procedures.

As stated above, if conflicts arise between these Procedures and the rules for the Third Circuit or the District of New Jersey, please follow the rules of the Third Circuit and District of New Jersey.

#### 2. Civility

This Court puts a high premium on civility. To repeat comments set forth above, Judge Salas expects punctuality and courtesy from litigants to the Court and to each other, both in the presence of the Court and otherwise.

#### 3. Additional Remarks and Questions for the Court

It is this Court's priority to provide prompt and efficient adjudication of justice. The Court looks forward to working with litigants to achieve this important goal, and hopes these Procedures aid litigants in that process.

If litigants have a specific question on a matter not addressed above, litigants are encouraged to contact the Court's Chambers staff.